UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Isaiah F. Walker, ) | Civil Action No.: 2:15-cv-02174-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Cecelia Reynolds, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Isaiah F. Walker, a state prisoner represented by counsel, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* [ECF No. 1]. Pending before the Court is Respondent's motion for summary judgment [ECF No. 14] pursuant to Rule 56 of the Federal Rules of Civil Procedure. This matter is before the Court with the Report and Recommendation (R & R) of United States Magistrate Judge Mary Gordon Baker.[1] *See* [ECF No. 28]. The Magistrate Judge recommended granting the Respondent's motion for summary judgment and denying Petitioner's petition. For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Facts and Procedural History**

This matter arises from the criminal conviction and sentence of Petitioner, Isaiah F. Walker, for murder. In February of 2007, Petitioner was indicted by a Spartanburg County grand jury for murder. Petitioner, who was represented by Rodney Richey, Esq. and Caroline Holsbeck, Esq., was convicted on May 31, 2007, following a jury trial. Petitioner was then sentenced to life

---

[1]  This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

imprisonment.

Petitioner filed a timely notice of appeal. His appellate counsel, Rodney Richey, Esq., filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he raised the question of whether the trial court erred in not granting the Appellant's motion for directed verdict at the close of the State's case. On February 11, 2010, the South Carolina Court of Appeals dismissed the appeal and remitted the matter to the lower court on March 4, 2010.

On October 6, 2010, Petitioner filed an application for post-conviction relief ("PCR") alleging ineffective assistance of his trial and appellate counsel. Petitioner claimed his trial counsel was ineffective for failing to recognize errors and make appropriate objections. Petitioner claimed his appellate counsel was ineffective for filing an *Anders* brief.

Petitioner filed an amended PCR application on September 6, 2012, alleging multiple instances of ineffective assistance of counsel based on: 1) trial counsel's failure to object to alleged hearsay testimony from the State's latent finger print expert, Captain Jackie Kellett; 2) trial counsel's failure to present testimony from Amanda Murphy, Cynthia Thacker, and Kenneth Foster; 3) trial counsel's alleged failure to properly advise Petitioner as to whether he should testify in his own defense at trial; 4) trial counsel's alleged failure to convey and discuss two plea offers made by the State; 5) trial counsel's alleged misrepresentations concerning the strength of the State's case; 6) trial counsel's alleged misrepresentation that the DNA evidence was inconclusive; and 7) trial counsel's alleged failure to fully cross examine Petitioner's co-defendant, Brent Gentry.

An evidentiary hearing was held on September 6, 2012, and on July 15, 2013, the trial court denied Petitioner's application for post-conviction relief and dismissed the petition.

Petitioner, through his attorney, Tara Dawn Shurling, then filed a petition for writ of

certiorari arguing the trial court erred in: 1) finding that trial counsel was not ineffective for failing to object to alleged hearsay testimony from the State's latent finger print expert, Captain Jackie Kellett; 2) finding that trial counsel was not ineffective for failing to present testimony from Amanda Murphy, Cynthia Thacker, and Kenneth Foster; 3) finding that trial counsel was not ineffective for allegedly failing to properly advise Petitioner as to whether he should testify in his own defense; 5) finding that trial counsel was not ineffective for allegedly failing to convey and discuss two plea offers; and 6) finding that trial counsel was not ineffective for allegedly failing to fully cross examine co-defendant Brent Gentry.

The South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari on October 23, 2014. The matter was remitted to the lower court on November 10, 2004.

On May 28, 2015, Petitioner, through counsel, filed the current petition arguing the state court erred in rejecting the claims of ineffective assistance of counsel raised in the PCR court.

Respondent filed a return and motion for summary judgment on September 23, 2015. On June 21, 2016, the Magistrate Judge issued an R&R recommending that Respondent's motion for summary judgment be granted and Petitioner's petition dismissed with prejudice. Petitioner, through counsel, filed objections to the R&R on August 25, 2016.

## Legal Standards of Review

I.     **Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is

made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

## II.     Summary Judgment Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

**III.     Federal Habeas Review under 28 U.S.C. § 2254**

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, in considering Petitioner's ineffective assistance of counsel claim, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998).   Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding").

## Discussion

Petitioner was convicted and sentenced to life imprisonment for the murder of Jeffrey Hubbard.  Hubbard was shot and killed in Spartanburg County on February 17, 2006.  His body was found in a white Ford parked on a dirt road with the engine still running.  The evidence at trial included a latent palm print found on the white Ford, which Captain Jackie Kellett testified was a match to the Petitioner.  Crime scene investigators found a pair of Timberland boots, a black

sweatshirt, and red sweat pants belonging to the Petitioner near the white Ford and bullet casings and the victim's blood outside of Petitioner's residence. Petitioner's co-defendant, Brent Gentry, testified that Petitioner shot and killed Hubbard and discarded the boots, black sweatshirt, and red sweat pants he was wearing near the pond in the vicinity where Hubbard and the white Ford were found. Gentry testified that Petitioner said he had to do it because Hubbard "thought he was going to get away with messing with Amanda," Petitioner's girlfriend.

**Ground One**

Petitioner alleges in ground one that his trial counsel was ineffective for failing to object to the testimony from the State's latent fingerprint expert, Captain Jackie Kellett, that the match of the latent palm print to Petitioner had "been verified by a second latent print examiner in [her] office." Petitioner argues the statement constituted hearsay and violated the Petitioner's right to confront all witnesses against him. The PCR court found that "[a]lthough counsel may have been deficient in his failure to object to this statement, . . . the Applicant suffered no prejudice as a result of the alleged deficiency." In recommending that summary judgment be granted in favor of the Respondent, the Magistrate Judge found the PCR court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts.

Petitioner responds arguing that trial counsel's error was not the result of strategy or trial tactic. Petitioner contends the palm print evidence carried great weight with the jury and that the result of the proceeding would have been different if trial counsel had objected to Kellett's testimony that a second latent print examiner confirmed that the palm print was a match with Petitioner.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." *Id*. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689; *see also, Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy *Strickland's* prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." *Spencer*, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. *Quesinberry v. Taylor*, 162 F.3d 273, 278 (4th Cir. 1998). Additionally, to obtain habeas corpus relief, Petitioner must establish that the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

In this case, Petitioner has failed to establish that the result of the proceeding would have been different had trial counsel objected to Kellett's testimony that a second latent print examiner confirmed his conclusion that the bloody palm print was a match with Petitioner. As the PCR court noted in its Order denying post-conviction relief, there was never any dispute as to whose print was found on the white Ford. Accordingly, Petitioner has failed to establish that the PCR court's rejection of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment as to ground one.

**Ground Two**

In ground two, Petitioner alleges that his trial counsel was ineffective for failing to interview and secure witnesses whose testimony would have allegedly disputed key aspects of the State's case. Specifically, Petitioner contends trial counsel should have interviewed and presented testimony from Amanda Murphy (girlfriend of Petitioner), Kenneth Scott, and Cynthia Thacker. The PCR court found the testimony of Murphy, Scott, and Thacker was not credible and would not have changed the result of the case. Thus, the PCR court found that Petitioner failed to establish prejudice from trial counsel's failure to call Murphy, Scott, and Thacker as witnesses. The PCR court also found trial counsel's decision not to call Murphy was strategic and that counsel had a legitimate reason for not calling Murphy as a witness. The Magistrate Judge agreed finding that Petitioner had failed to rebut the PCR court's credibility finding regarding the proposed witnesses

with clear and convincing evidence. The Magistrate Judge recommended granting summary judgment as to ground two because Petitioner could not show that the PCR court's decision was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

A. Amanda Murphy

Petitioner asserts that Amanda Murphy would have directly refuted Gentry's statement that Petitioner killed the victim because he was "messing with Amanda." At the PCR hearing, trial counsel testified that his decision not to call Murphy as a witness was strategic because there was evidence that she had an argument with a girl at her school and threatened the girl that "she's gonna pull an Isaiah on her." Trial counsel feared that Murphy's alleged threat, which implicated Petitioner in the murder, could come out at trial and harm the defense. In his objections to the R&R, Petitioner argues that Murphy's alleged statement should not have been disqualifying because Murphy denied making the statement and her testimony was needed to contradict the motive attributed to Petitioner for committing the homicide.

"Because it may be tempting to find an unsuccessful trial strategy to be unreasonable, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Here, it was a reasonable and legitimate trial strategy for counsel not to pursue Murphy as a witness. Murphy's alleged statement or threat that "she's gonna pull an Isaiah" on the woman she allegedly had an argument

9

with would have been clearly damaging to the defense.  Further, the PCR court found Murphy's testimony was inconsistent and would not have affected the outcome of the trial.  Murphy's testimony that she had never met the victim nor had any phone conversations with the victim would not have affected the outcome of the trial, especially in light of the overwhelming evidence of Petitioner's guilt.  Petitioner has failed to overcome the presumption that trial counsel's decision not to pursue Murphy as a witness was sound trial strategy.  Petitioner has also failed to establish any prejudice as a result trial counsel's failure to call Murphy.  Because Petitioner has not met his burden under AEDPA, Respondent is entitled to summary judgment with regard to Petitioner's ineffective assistance of counsel claims involving the failure to call Amanda Murphy as a witness.

B.  Kenneth Scott

Petitioner alleges his trial counsel was ineffective for failing to call Kenneth Scott as a witness.  Petitioner claims Kenneth Scott had personally witnessed Raymond Annas[2] trade his medical prescriptions for crack and had seen Annas trade his medications for crack with the victim on several occasions.  Petitioner claims that Scott's testimony could have been used to raise doubt as to Annas's credibility and reliability at trial.  The PCR court found Scott's testimony was not credible and simply maligned the victim's character rather than offer any substantive support for the defense.  Accordingly, the PCR court found no prejudice in trial counsel's failure to call Scott as a witness in an attempt to either malign the victim's character or in an attempt to attack the credibility of Annas.  The Magistrate Judge agreed with the PCR court and found that Petitioner failed to

---

[2] Annas testified at trial that Petitioner called him and wanted to set up a drug transaction and that a male would be calling him about it.  Annas testified that he was supposed to tell the caller that he wanted two pounds of marijuana and that he would pay $4,700 for it, $4,800 if it was delivered.  Annas testified that a male did call him and he told the caller that he wanted to purchase two pounds of marijuana.  Annas indicated, however, that he did not have $4,700 and did not think he was going to be buying two pounds of marijuana.  The State's theory at trial was that Petitioner set up a bogus drug deal involving the victim with Annas pretending to be a potential buyer.

establish prejudice from trial counsel's failure to call Scott as a witness and recommended that summary judgment be granted in favor of Respondent on this claim.

Petitioner objected to the Magistrate Judge's recommendation arguing that Scott's testimony would have not only established that Annas had a history of selling prescription medication for crack cocaine, it would have also linked Annas to the victim and would have likely exposed Annas's motive for testifying against Petitioner and/or lying for Gentry.  As an initial matter, Petitioner fails to rebut the PCR court's factual finding that Scott's testimony was not credible by clear and convincing evidence.  Petitioner merely speculates that Annas had a motive for testifying against Petitioner.  There is no basis to conclude that the result of the proceeding would have been different had the jury heard testimony that Annas sold his prescriptions for crack or that Annas traded his prescriptions with the victim.  Petitioner has failed to establish any prejudice as a result of his counsel's failure to call Scott as a witness.  Because the PCR court's disposition of this claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts, Respondent is entitled to summary judgment as to Petitioner's claim that his counsel was ineffective for failing to call Scott as a witness.

C.  Cynthia Thacker

Petitioner alleges that trial counsel was ineffective for failing to call Cynthia Thacker as a witness.  Petitioner claims Thacker would have provided a chronology that was crucial to the Petitioner's defense in that her testimony would have established that there was no opportunity for Petitioner and Gentry to have been discussing a plan to set up the victim, or to have made phone calls relating to such a conspiracy, without being overheard by the victim.  It is alleged Thacker would have also established that it would have been impossible for Petitioner to have stepped

outside the trailer without her noticing it. Further, it is alleged that her testimony could have been used to impeach testimony from Gentry that Gentry did not see an individual named Chavez Miller at the trailer on the day the victim was killed. Due in part to her admission of smoking marijuana on the day of the homicide and her past criminal charges, the PCR court did not find Thacker to be a credible witness and concluded that Petitioner did not establish prejudice from her failure to testify at trial. The Magistrate Judge also found no prejudice and noted that Petitioner had not rebutted the PCR court's finding that Thacker was not credible.

Petitioner argues that Thacker's testimony was no more unreliable than Gentry's as both had admitted to smoking marijuana on the day of the homicide and both had prior criminal records. Petitioner claims Thacker's testimony could have been used to challenge the accuracy of Gentry's testimony as a whole. However, the fact that Gentry may also have had some credibility issues does not rebut the PCR court's finding that Thacker's testimony was not credible, a finding which is presumed correct in the absence of clear and convincing evidence to the contrary. Moreover, even assuming Thacker's testimony was accurate, Gentry and Petitioner still had the opportunity to plan the victim's murder outside of the victim's presence. Given the overwhelming evidence of Petitioner's guilt, including Petitioner's bloody palm print found on the white Ford where the victim was found, Petitioner's discarded clothing found nearby, and shell casings and blood found at Petitioner's residence, Petitioner has failed to establish prejudice by his trial counsel's failure to call Thacker as a witness. Respondent is entitled to summary judgment on this ground because the PCR court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented.

**Ground Three**

Petitioner alleges in ground three that his trial counsel was ineffective for failing to fully and accurately advise the Petitioner on the decision whether he should testify in his own defense at trial. The PCR court rejected this claim and found as a fact that Petitioner was aware of his right to testify and that he chose not to testify of his own accord, after discussing the options with his trial counsel. The PCR court further found that Petitioner's testimony of the events on the day of the homicide lacked credibility and were "rather unbelievable." The PCR court found no deficiency on the part of trial counsel and no prejudice as a result of any actions of trial counsel.

The Magistrate Judge recommended summary judgment in favor of the Respondent on this ground. The Magistrate Judge stated that "the colloquy with the trial judge plainly supports the state court's determination that Petitioner made the decision not to testify." Additionally, the Magistrate Judge relied on *Carter v. Lee*, 283 F.3d 240 (4th Cir. 2002), which confirmed that "the advice provided by a criminal defense lawyer on whether his client should testify is a 'paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.'" *Carter*, 283 F.3d at 249 (quoting *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983)).

Petitioner objects to the Magistrate Judge's recommendation arguing that the record does not support a finding that Petitioner entered a knowing and voluntary waiver of his right to testify "*after discussing the options with counsel*." Petitioner also argues that *Carter* is inapplicable because trial counsel in this case does not claim that his advice to Petitioner was part of a trial strategy.

Petitioner's claim, however, is belied by the following colloquy between Petitioner and the trial judge:

13

> THE COURT: All right. We're back on the record. Mr. Walker, I'm going to remind you that you are still under oath. You were placed under oath before our break. And, at that time, you and I had a discussion concerning your right to remain silent under the Fifth Amendment to the Constitution. Do you recall that discussion, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, do I need to go back over any part of that?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: You understand that right?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you now had an opportunity to discuss this matter with both your attorney and family members or anyone else you wish to discuss it with?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And have you made a decision as to whether or not to testify?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you going to testify in the case?
>
> THE DEFENDANT: No, sir.

(R. 620-21). Based on the colloquy, the PCR court's finding that Petitioner was aware of his right to testify and chose not to of his own accord after advice from counsel was not an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Respondent is entitled to summary judgment as to ground three.

14

**Ground Four**

In ground four, Petitioner claims his trial counsel was ineffective for failing to convey and fully discuss two plea offers made by the State. Trial counsel testified at the PCR hearing that the State offered to reduce the charge to manslaughter and then sometime later made an offer of nineteen years. Counsel also testified that following the State's presentation of the evidence, the State indicated it would be willing to talk to the victim's family about an offer of sixteen years if Petitioner would commit to that offer. Trial counsel testified that he conveyed all plea offers to the Petitioner but Petitioner rejected each offer. Counsel testified that the reason Petitioner gave for not accepting the offers was that he did not shoot the victim and was not guilty of anything although he did admit to helping dispose of the body. Petitioner testified at the hearing that trial counsel only communicated an offer of thirty years and that he would have taken the offer of sixteen years if he had known about it. The PCR court found trial counsel's testimony as to the plea offers and Petitioner's subsequent rejection of the offers to be credible. The PCR court did not find the Petitioner's testimony - that he would have accepted an offer of sixteen years if he had known about - to be credible. As a basis, the PCR court noted Petitioner's continued insistence as to his innocence of shooting the victim and only being involved in disposing of the body. In conclusion, the PCR court found that: 1) Petitioner failed to offer credible testimony that trial counsel failed to convey the plea offers; and 2) Petitioner failed to offer sufficient evidence that even if there was a plea offer that trial counsel failed to convey, that he would have accepted the offer.

The Magistrate Judge recommended summary judgment in favor of Respondent on this claim based on the PCR court's credibility finding and Petitioner's failure to rebut that finding by clear and convincing evidence. In response, Petitioner argues that the PCR court's ruling was based

upon an apparent misunderstanding of the testimony adduced during the state PCR proceeding. Petitioner takes issue with the PCR court's reliance on Petitioner's testimony that he "probably" would have taken the offer of sixteen years had he known about it. Petitioner contends that he established unequivocal credible evidence that he would have committed to a sixteen year offer based on his statement at the PCR hearing, "I know I would of took the sixteen." However, a review of the testimony reveals that Petitioner only made that statement after additional prodding from PCR counsel. The exchange between PCR counsel and Petitioner was as follows:

> PCR counsel: Knowing what you knew about the palm print and the shoes and the other evidence in this case, if you had to make a decision between finishing the trial or taking the 16 year deal, which would you have taken?
>
> Petitioner: Probably the 16.
>
> PCR counsel: Probably the 16?
>
> Petitioner: Yes, ma'am, I know I would of took the 16.

(R. 876). Based on the foregoing, the PCR court's finding - that Petitioner failed to offer sufficient evidence that even if there was a plea offer that trial counsel failed to convey, that Petitioner would have accepted the offer - was not an unreasonable determination of the facts in light of the evidence presented at the PCR hearing. Petitioner has failed to meet his burden under AEDPA and Respondent is entitled to summary judgment as to ground four.

**Ground Five**

Petitioner asserts in ground five that his trial counsel was ineffective for failing to fully cross-examine his co-defendant, Brent Gentry, concerning all of his pending charges and sentencing exposure on those charges. After noting that the nature and scope of cross-examination is inherently

a matter of trial tactics, the PCR court found that Petitioner failed to show that a different approach to Gentry's cross-examination would have changed the outcome of the trial.

The Magistrate Judge recommended summary judgment in favor of Respondent on this claim finding the PCR court properly applied *Strickland*. Petitioner argues in response that trial counsel was ineffective in that he should have cross-examined Gentry concerning his understanding of the possible minimum and maximum sentences faced on all pending charges including the service requirements on a sentence for murder under South Carolina law. Petitioner contends that absent such full cross-examination, the jury had no way on knowing the extent of Gentry's incentive to testify against Petitioner.

Petitioner is not entitled to relief on ground five because he has failed to demonstrate any prejudice as a result of trial counsel's failure to question Gentry regarding the potential minimum and maximum sentences faced on all pending charges. During cross-examination, Gentry admitted that he was in jail on a pending murder charge, that his bond on the murder charge was revoked, and that he expected his murder charge to be dropped after testifying against Petitioner. (R. 561-61). Gentry also admitted to a prior conviction for selling drugs near a school and that he carried a gun in the past because selling drugs is dangerous. (R. 557-58). As a result of trial counsel's cross-examination, the jury was aware of Gentry's motivation to provide testimony against Petitioner. Trial counsel revisited Gentry's motivation to lie in his closing argument to the jury. Trial counsel's cross-examination of Gentry was the result of reasonable trial strategy and tactics. Petitioner has failed to show that trial counsel's cross-examination of Gentry was outside the range of professionally competent assistance. Further, Petitioner has not shown that he would have been acquitted had Gentry been questioned concerning the service requirements and potential minimum

and maximum penalties for his pending murder charge. The PCR court's rejection of this claim was not contrary to, or an unreasonable application of, *Strickland*. Respondent is, therefore, entitled to summary judgment as to ground five.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, the Court overrules Petitioner's objections [ECF No. 39] and adopts and incorporates by reference the Report and Recommendation [ECF No. 28] of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF No. 14] is **GRANTED**, and Petitioner's habeas petition [ECF No. 1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28


U.S.C. § 2253(c)(2).

    **IT IS SO ORDERED**.


September 29, 2016                                              s/ R. Bryan Harwell  
Florence, South Carolina                         R. Bryan Harwell  
                                                                      United States District Judge